CHRISTIAN DEIDE, Jr., and Jacob Kitzen, and All Other Persons Similarly Situated, Appellants, v. ANTELOPE SCHOOL DISTRICT NO. 7 OF STARK COUNTY, a Municipal Corporation, and Frank Lautz, Respondents.

(173 N. W. 942.)

**Schools and school districts — when notice of election for removal of schoolhouse insufficient.**

The school board called an election for the specific purpose of voting upon the removal of a schoolhouse from its present site to another definite location which was named in the resolution. The notice of election did not state the purpose of the election in accordance with the resolution of the school board and the provision in § 1185, Compiled Laws 1913. *Held*, that the notice of election was insufficient, and was in fact no notice, and that the election held in pursuance of such invalid notice was invalid.

Opinion filed July 16, 1919.

Appeal from District Court of Stark County, Honorable *W. C. Crawford*, Judge.

Reversed and remanded.

*S. P. Halpern*, for appellants.

It requires an affirmative vote of two thirds of all of the voters present and voting to order the removal of the school to any particular site or location. N. D. Comp. Laws 1913, § 1185; Re Davis (Kan.) 61 Pac. 809; (Kan.) 60 Pac. 1057; People ex rel. Davenport v. Brown, 11 Ill. 478; State ex rel. Dobbins v. Sutherland, 54 Mo. 391.

*L. A. Simpson*, for respondents.

GRACE, J. An appeal from the judgment of the district court of Stark county, W. C. Crawford, Judge.

This is an action to restrain and enjoin the defendant from moving what is known as Schoolhouse No. 1, located within the school district in question, from its present location to Antelope, which is about half a mile distant from the present location. It appears that on the 9th day of January, 1917, the board of school directors of the school district of Antelope held a meeting for the purpose of calling an elec-

tion. The election was to be called for the purpose of submitting to the qualified electors of the district the following propositions: (1) The moving of Schoolhouse No. 1, 1½ miles north of its present location; (2) the building of a new schoolhouse 1 mile south and ½ mile east of the location of Schoolhouse No. 1. At the meeting of the board on January 9th, above referred to, the school board passed the following resolution, as appears from the minutes of the clerk's record of such meeting: "Election to be held for the purpose of moving Schoolhouse No. 1, 1½ miles north of old location, and to build a new schoolhouse 1 mile south and ½ mile east of the old location. Election to be held the second Tuesday in February. Notices to be gotten out by the clerk, and election to be held in School No. 1." The clerk prepared the following alleged notice of election:

Notice of Election

(School District—Special Election)

Notice is hereby given that on Tuesday, February 13th, A. D. 1917, an election will be held at School No. 1, in Antelope school district No. 7, county of Stark, state of North Dakota, for the purpose of determining the following questions:

Removal of School No. 1,

Erection of New Schoolhouse.

The polls will be opened at 2 o'clock P. M., and closed at 5 o'clock P. M., of that day.

Dated at Antelope, this 23d day of January, A. D. 1917.

By order of the School Board,

Henry Weiland, Clerk.

There is testimony to the effect that notice was posted in three places in the district. At the election fifty-two votes were cast. Thirty-three were cast and counted for moving the schoolhouse into Antelope. Four votes were cast and counted against moving it into Antelope. Eleven votes were cast and counted for moving the schoolhouse 1½ miles north, the location designated in the resolution. Four votes were cast and counted against moving the schoolhouse 1½ miles north. The question of the new schoolhouse is not involved in this

44 N. D.—17.

action and needs no further comment, and no further reference to it need be made.

It will be observed that the specific purpose of calling the election was to submit to the qualified electors the proposition of removing Schoolhouse No. 1 1½ miles north of its present site. The election was for no other purpose. It was limited to the proposition stated in the resolution. The proposition to be voted upon was *not* moving the schoolhouse 1½ miles north, or to some other location within the district. It was confined to the single proposition of moving the schoolhouse 1½ miles north, and the election was ordered to be held for that specified purpose. This leads us to a consideration of the alleged notice of election. The notice of election, as we view it, was insufficient. It was no notice of the election called and authorized to be held by the school board. It needs no argument to demonstrate that the notice of election must set forth the purpose for which the election is to be held. The notice entirely fails to disclose the purpose of the election. The purpose of the election was set forth and determined by the resolution above set forth. And, as we have seen, that stated the purpose to be: To move the schoolhouse 1½ miles north. That was the sole purpose of the election so far as the removal of the schoolhouse was concerned. That purpose is wholly absent from the notice of election. In other words, the very purpose for which the election was to be held was not stated in the notice of election, but is wholly and entirely absent therefrom. From the notice of election no qualified voter within the district could possibly know that the purpose of the election was to move the schoolhouse 1½ miles north. There are no words in the notice from which a voter could gain any such impression. Section 1185 of the Compiled Laws of 1913 provides for the manner of calling elections such as this. It contains the following with reference to the notices of election: "Three notices of the time, place, and purpose of such election shall be posted in three of the most public places in the district at least fourteen days prior to such meeting." The notice of election in question in no way complies with this requirement of the statute. Neither does it comply with the purpose stated in the resolution. Hence, the notice of election wholly and entirely failing to state the purpose of the election, it is

entirely invalid. The notice of election, being wholly invalid and of no force or effect, was a nullity.

There is no need of discussing any other question which is raised in the assignments of error. They become immaterial in view of the fact that the election was wholly void. The directors of the school district in question acted legally and properly in refusing to move the schoolhouse, on the ground that the election was not conducted according to law. The judgment is reversed. The temporary injunction should be reinstated and made permanent, so far as the removal of the schoolhouse in question is concerned, in so far as such removal depends upon the election in question. It is so ordered. The case is remanded to the trial court for further proceedings not inconsistent with this opinion. The appellants are entitled to statutory costs on appeal.